IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02594-BNB

DAVID V. GREENING,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 2008

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on Plaintiff David V. Greening's *pro se* Letter submitted to the Court on February 15, 2008. Mr. Greening is in the custody of the Colorado Department of Corrections. He claims that he is in transit to the Colorado Territorial Correctional Facility (CTCF) and will be incarcerated at CTCF at least until his next scheduled medical appointment in Denver in the near future. In the Letter, Mr. Greening seeks reconsideration of the Court's February 1, 2008, Order of Dismissal.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Letter was filed on February 15, 2008, which is within ten days after the judgment was entered in this action on February 1, 2008. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays,

and legal holidays). The Court, therefore, will consider the Motion pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

Originally Mr. Greening submitted a Letter to Senior Judge John L. Kane. In the Letter, he asserts that he has detached retinas in both eyes and is being denied adequate medical treatment for the condition. He also inquires about the *Montez* class action suit in the Letter. The Court determined that the Letter was best processed as a new civil action and entered an order on December 13, 2007, construing the Letter as a 42 U.S.C. § 1983 prison complaint and instructing the Clerk of the Court to commence a civil action. Plaintiff was instructed to file his claims on a Court-approved form and to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

The envelope that was sent to Plaintiff containing the December 13, 2007, Order was returned to the Court on January 14, 2008, and was marked "Attempted Unknown." "CTCF" and "DRDC" (Denver Reception and Diagnostic Center) also was written on the returned envelope. Plaintiff states in the Motion that he was transferred from CTCF to DRDC on two occasions, once between January 7 and 11, 2008, and one time prior to January 7. Although Mr. Greening states that mail from a federal public defender to him was rejected by the CTCF mailroom between December 10 and 13, 2007, Mr. Greening does not state that the Court's December 13, 2007, Order was rejected. Plaintiff also states in the Motion that he did receive the complaint packet along with the February 1, 2008, Order of Dismissal on February 12, 2008. The Court notes, however, that the complaint packet was sent to Mr. Greening with the December 13, 2007, Order, not with the February 1, 2008, Order of Dismissal.

Pursuant to Rule 10.1M. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, a party must file a notice of a new address within ten days of any change of address. Mr. Greening does concede that during the past two months he has been in either CTCF or DRDC. Plaintiff did not inform the Court of any address changes during this time. Mr. Greening does assert, however, that he was unaware that his letter to Judge Kane was construed as a prisoner complaint and apparently that he also was unaware that he was required to cure the deficiencies noted in the December 13, 2007, Order. Whether or not Mr. Greening's December 5, 2007, filing was intended to be filed as a new complaint or simply was a request that he be included in the *Montez* class, the filing required the Court to take action and as a result generated a need for the Court to have Plaintiff's current address so that a response may be sent to him. Plaintiff, therefore, in keeping with the Court's local rules, is responsible for informing the Court of any address changes, which he failed to do. The Court finds that the dismissal of the Complaint and action is justified.

In response to Mr. Greening's inquiry as to whether he is able file a complaint at a later date, the instant action was dismissed without prejudice, which allows him to file a new action with the Court and to raise the same claims if he so desires. As for Plaintiff's question regarding whether the filing process will be different if he elects to file an action once he is released from prison and with the assistance of counsel, the Court is not at liberty to discuss with Plaintiff the consequences of waiting to file a new action or to seek counsel to pursue his claims.

Upon consideration of the entire file, the Court finds and concludes that Mr. Greening fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Accordingly, it is

ORDERED that Plaintiff's Letter, filed February 15, 2008, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 28 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-002594-BNB

David Greening
Prisoner No. 127006
CTCF - CH 3
PO Box 1010
Cañon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/3/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk